IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08cv717-CSC |
| | ) (WO) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Plaintiff Linda Blevins ("Blevins") was 55 years old at the alleged date of onset and 57 years old at the time of the hearing before the ALJ. (R. 53, 163). She has a ninth grade education. (R. 65). Her prior work experience includes work as a farm worker, cotton and pea picker, and drycleaner worker. (R. 168). In her capacity as a drycleaner worker, Blevins also performed work as a cashier and clothes tagger. (*Id.*).

---

cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

Following the hearing, the ALJ concluded that the plaintiff has severe impairments of hypertension, degenerative joint disease, and hypercholesterolemia. (R. 18). The ALJ also concluded that Blevins' past hand surgery did not constitute a severe impairment. (*Id.*). The ALJ concluded that the plaintiff could perform her past relevant work as a cashier, and thus, she was not disabled. (R. 22).

**B. Plaintiff's Claims**. As stated by the plaintiff, she presents the following two issues for the Court's review:

   I.   The administrative law judge failed to consider whether Ms. Blevins' severe impairments could reasonably cause the pain and swelling she experienced and whether her medication side effects would prevent work on a sustained basis.

   II.  The administrative law judge failed in his duty to fully develop the record.

(Pl's Br. at 7 & 9).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999. The ALJ must

4

conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments. Within this analytical framework, the court addresses the plaintiff's specific claims.

**1. Whether the ALJ failed to properly consider the Eleventh Circuit three-part pain standard.** The plaintiff argues that the ALJ failed to properly discredit her testimony because he did not address each symptom about which she complained. For example, Blevins faults the ALJ for not discussing the consultative physician's remark that she had decreased lumbar flexion. (Pl's Br. at 7).

"Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner

must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law. This standard requires that the articulated reasons must be supported by substantial reasons. If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

At the administrative hearing, the plaintiff testified that she suffers from pain and swelling in her legs and that this pain prevents her from working. (R. 172-73). Although she left her last job because she moved out of state, Blevins testified that when she tried to work again, her "back would act up," she wasn't able to bend, and she was in too much pain to work. (R. 168, 178). Although Blevins is prescribed Lortab, she only takes that medication three (3) to (5) times during a week. (R. 175). She testified that the Lortab makes her sleepy, (*id*.), and that she has to elevate her legs during the day because of pain and swelling. (R. 172). Finally, she testified that she cooks, does the grocery shopping, goes to church, and drives. (R. 174-75).

Blevins asserts that she became disabled on May 17, 2005 due primarily to back and leg pain. (R. 59, 66). She last worked in 1996. (R. 168). On her disability application, Blevins indicated that she also suffers from high blood pressure, chest pain, breathing problems, headaches, and a growth on her thumb. (*Id*.)

> I have pain in my back [and] legs all the time.  I have trouble getting up [and] down out of bed [and] chairs, etc.  I walk with a limp.  My hip was broken back in 1996 [and] I've had trouble since then but recently the pain has gotten worse [and] I've had more trouble walking.  I have to take medicine for my blood pressure.  I have headaches [and] dizziness frequently.  I tend to lose the grip in my right hand.  I have a growth on my thumb.  I also have chest pain rather frequently [and] I have trouble breathing.[4]

(*Id.*) (footnote added).

The ALJ discredited the plaintiff's testimony of disabling pain and functional restrictions.  (R. 20).

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could be reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning intensity, persistence and limiting effects of these symptoms are not entirely credible.

(*Id.*).  If this were the extent of the ALJ's credibility analysis, the plaintiff might be entitled to some relief.  However, the ALJ continued his analysis and discredited the plaintiff's testimony based on the following.

> The claimant testified that she left her job as a cashier and a tagger at a dry cleaner because she moved out of state.  She has not worked since 1996.  The claimant has to wrap her arm because she had surgery in January 2007, and her arm hurts when the air hits it.  The wrap also supports her arm when she drives.  The claimant stated that her legs swell if she walks for more than 1 hour, requiring her to sit for 1 to 1½ hours afterward.  The claimant cooks for about 20 minutes and then must elevate her legs.  She cannot stand and wash dishes.  She is limited to shopping for groceries for 1 hour.  The claimant does not do anything outside the house, such as gardening.  The claimant drives to church, which is a 1 to 1 ½ hour trip.  Her back and legs hurt, but she does not take medication until she gets home.  The claimant takes Lortab only when she

---

[4] Blevins concedes in her brief that while she had initially reported chest pain and breathing problems, by the time of her consultative physical examination, these conditions had resolved.  (Pl's Br. at 3, fn. 1).

is able to stay at home and go to sleep. On a good week she takes Lortab three times, but on a rough week, she will take it five times. The Lortab makes her sleepy and relaxes her muscles. The claimant takes Tylenol for the headache caused by the Lortab. The side effects from Lortab last for about 2 days. The claimant had an operation on her hand in 1999 and again in 2007 for a tumor. The tumor was about 4 inches when it was removed. The claimant, who is right handed, had to write a different way and was unable to open bottle caps. At work, she would not be able to hold a brush to scrub the clothes. The claimant must drive her husband around because he is disabled. She wanted to do another kind of work, but then her back would act up, and she would become discouraged. The claimant testified that she visits with friends and relatives, who mostly come to see her. She and her husband go out to eat from time to time, but they do not go to the movies. On a typical day, the claimant wakes up between 6:30 and 7:00 a.m., eats something, takes her medications, goes back to bed, and gets up at 10:30 or 11:00 a.m. She then cooks breakfast, sits on the sofa and puts her legs up, and watches television. After an hour to an hour and a half, she puts clothes in the dryer, puts her legs up again, and folds the clothes when they are dry. The claimant cooks supper, and her husband washes the dishes.

Progress notes from Dr. G.V. Rao indicate that the claimant was followed for hypertension and degenerative joint disease in 2002. She was prescribed medication, including Bextra for degenerative joint disease in 2003, as well as anti-hypertensive medications. She complained of mid back pain in 2004. The claimant continued to be maintained on her medications through June 2005. She complained of generalized pain in September 2005 and increased back pain in October 2005. Her abdomen was soft, and there was no pedal edema. Dr. Rao continued to prescribe medications for hypertension, degenerative joint disease, and high cholesterol in April 2006 through November 2006. Her degenerative joint disease was mild, and her hypertension was stable in June 2007. She was prescribed Celebrex and Lortab for degenerative joint disease in July 2007. (Ex. 3F, 9F, 10F). An x-ray of the claimant's thoracic spine conducted in June 2005 revealed mild spondylosis and was otherwise unremarkable. A chest x-ray demonstrated cardiomegaly with widened aorta and minimal arthritic change in the thoracic spine. X-ray of the lumbar spine showed minimal arthritic change. A left ankle x-ray showed intact osseous structures and hypertrophic change in the OS calcis. (Ex.4F).

The Administrative Law judge has reviewed and considered each and every medical exhibit in the claimant's file, including any and all exhibits presented on the day of the hearing and those forwarded and received after the hearing

> date, prior to approving and signing this decision. The Administrative Law judge has chosen not to make specific reference to those exhibits that are merely cumulative or which offer no substantive value to the claimant's case. The claimant's representative attested on the record that the exhibits provided were "complete, accurate, and up to date: and that "no other medical records were outstanding" prior to the closing of the hearing.
>
> After reviewing the medical evidence, the undersigned finds that there is little evidence that substantiates the claimant's testimony regarding the extent of her debilities or functional limitations. The claimant was treated by Dr. Rao, her primary care physician, basically for hypertension, degenerative joint disease, and high cholesterol, all of which were fairly well controlled with medication. Dr. Rao's progress notes, which were difficult to discern, contain minimal objective findings, other than setting forth the claimant's weight, blood pressure, and renewal or changes in her medications. While the claimant's blood pressure readings were elevated at times, Dr. Rao stated that her hypertension was stable in 2007. . . .X-rays of the claimant's thoracic and lumbar spine also conducted in 2005 revealed only minor arthritic changes that do not correlate with the claimant's testimony regarding her severe pain. The only positive finding at the consultative physical examination discussed below was positive straight leg raises, but there was no evidence of neurological deficits that demonstrate the existence of a significant back problem. In addition, there is no evidence supporting the claimant's testimony regarding her lower extremity swelling with the need to rest and elevate her legs after 1 to 1½ hours of standing. As a whole, the claimant's testimony is not considered to be wholly credible based on the lack of objective findings, and there are no contraindications to her ability to perform a slightly reduced range of medium work.

(R. 20-21).

The ALJ has discretion to discredit a plaintiff's subjective complaints as long as he provides "explicit and adequate reasons for his decision." *Holt,* 921 F.2d at 1223. The ALJ's reasons for discrediting the plaintiff's testimony of pain and disability were both clearly articulated and supported by substantial evidence. *Id.* Relying on the treatment records, objective evidence, and Blevins's own testimony, the ALJ concluded that the

plaintiff's allegations regarding the extent of her pain were not credible and discounted that testimony. The ALJ considered that the plaintiff's underlying condition is capable of giving rise to some pain and other limitations, however, not to the extent described by the plaintiff. Consequently, he discredited the plaintiff's testimony that she suffers from disabling, intractable pain.

The medical records support the ALJ's conclusion that while Blevins has conditions that could reasonably be expected to produce pain, Blevins was not entirely credible in her description of that pain. For example, Blevins complained to her treating physician of mild back pain on March 16, 2004 (R. 110); pain on June 11, 2004 (R. 109); pain in her left ankle and back on June 16, 2005 (R. 121-24); generalized pain on July 18, 2005 (R. 157); and pain in legs and hands on November 7, 2006. (R. 151). The records reveal only one complaint of swelling on August 5, 2003. (R. 110). After a careful review of the record, the court concludes that the ALJ's reasons for discrediting the plaintiff's testimony were both clearly articulated and supported by substantial evidence.

To the extent that the plaintiff is arguing that the ALJ should have accepted her testimony regarding her pain and swelling, as the court explained, the ALJ had good cause to discount her testimony. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

Finally, the plaintiff argues that the ALJ failed to properly consider the side effects of her medications on her ability to work because she alleges that her medication makes her

sleepy and dizzy. (R. 175-76). The ALJ must consider the side effects of plaintiff's medication where their existence is supported by substantial evidence. *See Swindle v. Sullivan,* 914 F. 2d 222, 226 (11th Cir. 1990). The medical records contain no supporting evidence that the plaintiff complained about the side effects of her medications. While she consistently stated she was allergic to Bextra, the record contains no notation that she complained about drowsiness or dizziness. (R. 135-36). In one instance, Blevins complained that she was having trouble falling asleep but the Lorazepam prescribed to help her sleep irritated her hemorrhoids. (R. 152). During the consultative examination, Blevins did not mention any side effects from her medication.

The ALJ properly considered the plaintiff's complaints about the side effects of her medication, but then discredited her testimony because the medical records do not support her allegations. (R. 20-21). Substantial evidence supports the ALJ's conclusion that the plaintiff's medications do not cause side effects which prevent her from working.

**2. Failure to develop the record.** Blevins also argues that the administrative law judge failed to develop the record when he did not obtain the medical records related of her recent thumb surgery. A disability claimant bears the burden of submitting medical evidence in support of her claim. *See* C.F.R. §§ 404.704, 404.1512. Blevins ignores her own obligation to obtain such evidence in order to establish her entitlement to benefits. *See Gully v. Astrue*, 2009 WL 1580416, *5 (M.D. Ala. 2009) (No. 1:08cv245-WC). *See also Lucas*, 918 F.2d at 1571 (the claimant bears the burden of establishing the existence of a disability). "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants

11

must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988).

Moreover, while the ALJ has a duty to fully and fairly develop the record, the evidence in this case does not indicate that Blevins lacks the ability to work. On her daily activities questionnaire, Blevins indicated that she is able to care for her personal needs; she cleans house, cooks, does laundry, and can drive a car. (R. 69-77). No treating physician has opined that Blevins should not perform work. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges, supra.* This court therefore cannot conclude that Blevins is entitled to relief with respect to her claim that the ALJ failed to request additional medical records.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 10th day of November, 2009.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE